# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT L. GOOD, dba CASTLE ROCK VINEYARDS,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW WORLD FRUITS, LTD.,<br><br>    Defendants. | 1:09-cv-01069 LJO GSA<br><br>ORDER REGARDING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT NEW WORLD FRUITS, LTD.<br><br>(Document 18) |

**INTRODUCTION**

On January 21, 2010, Defendant's counsel Robert S. Ackerman, Esq. of Corleto & Ackerman LLP filed a Motion to Withdraw as Counsel for Defendant New World Fruits, Ltd.. (Doc. 18.) The motion was scheduled to be heard at 9:30 a.m. on February 26, 2010, before this Court. On February 22, 2010, the Court determined the matter was suitable for decision without oral argument and the matter was taken under submission pursuant to Local Rule 230(g).

//
//

1

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff Albert L. Good dba Castle Rock Vineyards filed a complaint on June 17, 2009. The complaint alleges causes of action for breach of contract, unjust enrichment and conversion. Plaintiff seeks monetary damages totaling $1,093,292.20 plus interest and fees and costs of suit. (Doc. 2.) On July 17, 2009, Defendant New World Fruits, Ltd. ("NWF") filed its answer to the complaint. (Doc. 8.) Prior to the initial scheduling conference being held, counsel for NWF filed the instant motion to withdraw as counsel.[1] (Doc. 18.)

Counsel moves to withdraw as counsel pursuant to Local Rule 182(d) and Rule 3-700(C)(1)(f) of the California Rules of Professional Conduct as NWF has advised that Ackerman is no longer authorized to act on NWF's behalf and that he would not be paid for legal services rendered.

**DISCUSSION**

Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Attached to counsel's motion is the Declaration of Robert S. Ackerman wherein counsel indicates that liquidation proceedings, similar to bankruptcy proceedings in this country, have commenced on behalf of NWF in the United Kingdom. Counsel identifies Neil Francis Hickling as the appointed liquidator and has provided Mr. Hickling's contact information. (Ackerman Decl., ¶ 5.) Counsel declares that he has had email communication with attorney Deborah Morgan of Smith & Williamson in Worcester regarding this matter. Ms. Morgan was hired to

---

[1] A previous motion was denied without prejudice. (*See* Doc. 17.)

2

protect Defendant's interests in the United Kingdom simultaneous with Mr. Ackerman's retention on behalf of Defendant to protect its interests in this country. (Ackerman Decl., ¶¶ 4, 6.) More particularly, counsel declares that Ms. Morgan advised him that Mr. Hickling is "the only representative of NWF able to authorize any actions taken on NWF's behalf," and that Hickling would not authorize any further action to be taken in the instant matter by Ackerman "and that NWF will not pay [Ackerman's] firm for any legal services rendered on NWF's behalf." (Ackerman Decl., ¶ 6.) As to his declaration, counsel has appended correspondence from Mr. Hickling directed to all creditors of NWF, dated September 29, 2009, wherein Hickling advised he had been appointed liquidator, and among other things, that parties should "complete an informal proof of debt form" if they had not already done so. Hickling enclosed a copy of creditor's report and statement regarding NWF insolvency. (Ackerman Decl., Ex. 1.) Also attached as an exhibit is an email string between Deborah Morgan and counsel, dated between September 18, 2009 and October 20, 2009, referencing the liquidation proceeding and the fact counsel will not be compensated for additional work on behalf of NWF, and will be included as a creditor in the liquidation proceeding for costs outstanding. (Ackerman Decl, Ex. 2.)

No opposition to the instant motion has been filed.[2]

Counsel for NWF has provided complete contact information for both Ms. Morgan and Mr. Hickling in the United Kingdom. (Ackerman Decl., ¶¶ 4-5.) He indicates he has served the instant motion upon Plaintiffs' counsel and the following: NWF; Robert Borley and Martin Seymour of NWF ;counsel for NWF - Ms. Morgan; and liquidator for NWF - Mr. Hickling. (*See* Doc. 18 [Proof of Service].)

Rule of Professional Conduct 3-700(C)(1)(f) provides that an attorney may request permission to withdraw if the client breaches an agreement or obligation as to expenses or fees. Rule 3-700(A)(2) also provides that a "member shall not withdraw from employment until the

---

[2]Plaintiffs filed a statement of non-opposition to Defendant's initial motion to withdraw as counsel for NWF. (*See* Doc. 15.)

member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Here, counsel has provided NWF, its counsel and the appointed liquidator in the United Kingdom, with notice of the motion and with time to find additional counsel. NWF has not opposed the motion. No discovery deadlines or trial dates have been set, thus the risk of prejudice to Defendant NWF is minimal.

Given the fact no opposition has been filed and there appears to be no prejudice to Defendant NWF, the motion will be granted. However, Defendant is advised that a "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, this Court's Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to withdraw as counsel is GRANTED;
2. Counsel Robert S. Ackerman is ordered to serve a copy of this order on New World Fruits, Ltd., Robert Borley, Martin Seymour, Deborah Morgan and Neal Francis Hickling via email and the United States Postal Service, forthwith. Counsel shall provide the Court with a declaration indicating proof of service;
3. The Clerk of the Court is ORDERED to RELIEVE Robert S. Ackerman, Esq., of Corleto & Ackerman LLP as counsel for Defendant;

4. New World Fruits, LLP, shall retain counsel or provide the Court with a statement regarding its intention to obtain counsel within sixty (60) days of the date of this order; and

5. The initial scheduling conference currently set for March 1, 2010 is VACATED and CONTINUED to June 9, 2010, at 9:30 a.m. in Courtroom 10.

IT IS SO ORDERED.

Dated: **February 26, 2010**    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE