1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ALBERT L. GOOD dba CASTLE ROCK                 CASE NO. CV F 09-1069 LJO SKO
      VINEYARDS,
12
                        Plaintiff,                   **ORDER TO DISMISS AND CLOSE**
13
              vs.
14
      NEW WORLD FRUITS, LTD.,
15
                        Defendant.
16    _____/

17

18          In the June 4, 2010 scheduling report, plaintiff Albert L. Good d.b.a. Castle Rock Vineyards

19    ("plaintiff") requested to dismiss this action voluntarily without prejudice.  Because defendant New

20    World Fruits, LTD ("defendant") filed an answer to plaintiff's complaint, plaintiff may only dismiss this

21    case by order of this Court, pursuant to Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the

22    plaintiff's request only by court order, on terms that the court considers proper.").  The purpose of the

23    Fed. R. Civ. P. 41(a)(2) voluntary dismissal rule is to permit the plaintiff to dismiss without prejudice

24    so long as the defendant will not be prejudiced. *Stevedoring Servs. of America v. Armilla Intern'l B.V.*,

25    889 F.2d 919 (9th Cir. 1989).  Accordingly, a district court should grant a motion for voluntary dismissal

26    under Fed. R. Civ. P. 41(a)(2) unless the defendant can show that it will suffer some "plain legal

27    prejudice" as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).  Generally,

28    a Fed. R. Civ. P. 41(a)(2) dismissal is without prejudice, as stated explicitly in that rule. *Id*.

                                                    1

1   "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal

2   argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  Legal prejudice

3   occurs "when the dismissal of a party would have rendered the remaining parties unable to conduct

4   sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges

5   of fraud." *Id*.  The threat of future litigation is insufficient to establish plain legal prejudice. *Id*.

6   Similarly, no plain legal prejudice occurs when a defendant has been inconvenienced by the

7   commencement of trial preparations, *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994), a defendant

8   will be unconvinced by having to defend in another forum, or a plaintiff will gain a tactical advantage

9   by the dismissal. *Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001); *Hamilton v. Firestone Tire & Rubber*

10  *Co., Inc.*, 679 F.2d 143 (9th Cir. 1982).

11      Having considered the docket, including evidence that defendant is involved in a liquidation

12  proceeding in the United Kingdom, and that plaintiff is an unsecured creditor in that proceeding, this

13  Court finds that dismissal of this action is appropriate.  In addition, defendant is a corporation

14  proceeding without representation.  On February 26, 2010, defendant was ordered to obtain counsel to

15  represent it in this action.  Defendant failed to comply with this Court's order.  According, pursuant to

16  Local Rule 110 and Fed. R. Civ. P. 41, this Court:

17      1.   DISMISSES this action without prejudice, each party to bear its own costs;

18      2.   DIRECTS the clerk of court to close this action; and

19      3.   DIRECTS the clerk of court to send notice of this dismissal to defendant at the following

20          address:

21          New World Fruits, Ltd.
            c/o Neil Frances Hickling, Esq.–Liquidator
22          Smith & Williamson
            No 1 St. Swithin Street
23          Worcester
            WR1 2PY
24          United Kingdom

25          IT IS SO ORDERED.

26

**Dated:    June 7, 2010**                          **/s/ Lawrence J. O'Neill**
27                                          UNITED STATES DISTRICT JUDGE

28